THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LESLIE JOHNSON,

                Plaintiff,

-against-

SMARTE CARTE, INC., TALX UCM SERVICES, UC EXPRESS (SM), AMDEY HAMMOUDEH, MANNY AUREUS,

                Defendants.
---------------------------------------------------------------X

Civil Action No.

**CV 04 5573**

COMPLAINT

JURY TRIAL DEMANDED

WEINSTEIN, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 21 2004 ★
GOLD, M. BROOKLYN OFFICE

## COUNT ONE

1.     Plaintiff, LESLIE JOHNSON, by his attorney, ANDREW J. SCHATKIN, ESQ., complains of Defendants, SMARTE CARTE, INC., AMDEY HAMMOUDEH, and MANNY AUREUS that they violated certain civil rights guaranteed to the plaintiff through the purposeful harassment and ultimate termination of plaintiff's employment. Defendant, SMARTE CARTE, INC., is liable because of its policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of illegal harassment and discrimination directed against the plaintiff due to his Race and National Origin, resulting in his ultimate termination and that the Defendant SMARTE CARTE, INC. knew and ratified this pattern of harassment or should have known of it.

## JURISDICTION

2.     This action is brought pursuant to Title 42 U.S.C., Sec. 2000(e). This court's jurisdiction is invoked pursuant to 42 U.S.C. Sec. 2000 e-5(F)(3), et. al., et. seq. 28 U.S.C. Sec. 1343. The pendent jurisdiction of the court is invoked pursuant to 28 U.S.C. Sec. 1367.

1

## PARTIES

3. The Plaintiff, Leslie Johnson, was at all times relevant a citizen of the United States and a resident of Queens, State of New York, and City of New York.

4. Manny Aureus was at all times relevant herein a managerial employee of Smarte Carte, Inc., and at all times acted under the direction, policies, practices, and custom of Smarte Carte, Inc.

5. Amdey Hammoudeh was at all times relevant herein a managerial employee of Smarte Carte, Inc., and at all times acted under the direction, policies, practices, and custom of Smarte Carte, Inc.

## THE FACTS AND BACKGROUND

6. The Plaintiff, Leslie Johnson, began work at Smarte Carte, Inc. December 20, 1996 and at all times, his work was acceptable, if not excellent. Although, in all respects, at times he was late, it was always a short few minutes and he always called beforehand to notify his employer of transportation problems responsible for the delay.

7. Beginning about February 1, 2003, Mr. Hammoudeh, his Supervisor, began to criticize and scrutinize every thing that the plaintiff did, more so than other workers, and the plaintiff was reprimanded for the most insignificant acts and events where as Non-Black and Non-Jamaican employees were not.

8. Mr. Johnson had worked at Smarte Carte, Inc. for six and one half years up to his termination. As evidence of the continuing harassment in March of 2003 Mr. Johnson's hours were cut from 40 to 32 hours per week and again in March of 2003 from 32 to 25 hours per week. When Mr. Johnson was only working 25 hours per week he

2

was asked to do overtime but correctly and rightly, refused to do so, and as a result he was again cut to only 20 hours per week.

9. On March 29, 2003 Mr. Johnson arrived to work ten minutes late due to an unavoidable train delay. This delay was due to a bomb scare. Mr. Johnson then went upstairs and changed his clothes in the locker room upstairs in JFK Airport. He then went downstairs to InterLine, and took a couple of Carts and took them to Customs. When he went outside he was accosted by Mr. Hammoudeh, who spoke to him in an extremely rude and disrespectful fashion, asking why he was late. Mr. Johnson explained it was to the train delay. Mr. Hammoudeh said this was not enough, and started yelling. Mr. Johnson was told to return to work, not Sunday the 30th of March, but Monday when regular work began. Accordingly, Mr. Johnson did not return to work on Sunday.

10. When he returned to work Mr. Johnson was summarily fired by Mr. Aureus. It is alleged and averred that Mr. Johnson was harassed and terminated all by reason of his Race and National Origin. Rollin Atkinson, also a Jamaican, was harassed and fired in the year 2000. Paul Forest, also a Jamaican, was continually harassed.

11. Mr. Hammoudeh, who repeatedly harassed and reported the Plaintiff, and Mr. Aureus, who terminated him, did so by reason of his Race and National Origin.

## FIRST CLAIM FOR RELIEF

## AGAINST DEFENDANT SMARTE CARTE, INC.

12. Paragraphs 1-11 are incorporated herein by reference.

13. Defendant Smarte Carte, Inc., acting within its generally accepted practices and policies and through its Managerial employees, Amdey Hammoudeh and Manny Aureus, did knowingly, and purposefully discriminate against the plaintiff with

respect to his compensation, terms, conditions, or privileges of employment, because of plaintiff's Race and National Origin, Black/Jamaican.

14. Defendant Smarte Carte, Inc., acting within its generally accepted practices and policies and through named Managerial employees, did knowingly and purposefully, deprive the plaintiff of employment, and otherwise adversely affected his status as an employee because of the plaintiff's Race and National Origin, Black/Jamaican.

15. As a result of the defendant's, Smarte Carte, Inc., actions, plaintiff did suffer damages from and as a direct result of the purposeful discrimination because of and on the basis of the plaintiff's Race and National Origin, Black/Jamaican.

## SECOND CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS

16. Paragraphs 1-15 are incorporated herein by reference.

17. Defendants, acting within the generally accepted practices and policies of Smarte Carte, Inc., did knowingly and with aforethought cause plaintiff severe mental distress, anguish, and suffering.

18. At no time or instance did plaintiff agree or consent to the aforementioned mental pain, stress, anguish, and suffering.

19. As a result of defendants' actions, plaintiff did suffer damages from and as a direct result of the purposeful infliction of this great mental distress.

## THIRD CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS

**WHEREFORE** Plaintiff Leslie Johnson requests that this Court:

4

a. Award compensatory damages against defendants, and each of them, jointly and severally, in the amount of $5,000,000.00 (five million dollars).

b. Award punitive damages against all defendants in the amount of $5,000,000.00 (five million dollars).

c. Award costs of this action including attorney's fees to plaintiff.

d. Award reasonable medical expenses to plaintiff, and

e. Award such order and further relief as this Court may deem appropriate.

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED

A.S. _____

Andrew J. Schatkin, Esq.
350 Jericho Turnpike
Jericho, N.Y. 11753

Dated: December 6, 2004