# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

№ 04-CV-5573 (JFB) (SMG)

————————————

LESLIE JOHNSON,

Plaintiff,

VERSUS

SMARTE CARTE, INC., TALX UCM SERVICES, UC EXPRESS (SM), AMDEY HAMMOUDEH, AND MANNY AUREUS,

Defendants.

————————————

MEMORANDUM AND ORDER
April 20, 2007

————————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Leslie Johnson ("Johnson") brings this action against Smarte Carte, Inc. ("Smarte Carte"), Talx UCM Services, UC Express (SM), and two employees of Smarte Carte, Amdey Hammoudeh and Manny Aureus, (collectively, "defendants") alleging employment discrimination on the basis of his race and/or national origin in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and a state law tort claim of intentional infliction of emotional distress (an "IIED" claim).

Defendants now move for summary judgment on all claims, pursuant to Fed. R. Civ. P. 56(c). For the following reasons, defendants' motion is granted as to plaintiff's IIED claim and denied as to the remaining claims.

## I. BACKGROUND

The facts are drawn from the complaint, plaintiff's supporting materials, and documents from the administrative complaint filed by plaintiff that were attached as exhibits to defendants' motion. The facts are undisputed unless otherwise noted.

Plaintiff Johnson worked at Smarte Carte as a cart pusher from December 1996 until his termination on March 31, 2003. (Compl. ¶¶ 6, 10.) On June 5, 2003, Johnson filed a complaint with the New York State Division of Human Rights ("NYDHR") alleging that defendants discriminated against and terminated him because he was a Black man of Jamaican national origin (hereinafter, the "NYDHR Complaint"). (Rich Aff. Ex. 1.) The first paragraph of the two-page NYDHR Complaint lists Johnson's residence as 466 Lincoln Street, Brooklyn, New York. (*Id.*)

The second page of the NYDHR Complaint is signed by Johnson. (*Id.*)

In February 2004, the NYDHR dismissed the NYDHR Complaint. Subsequently, on April 12, 2004, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the NYDHR dismissing plaintiff's complaint and issued a right-to-sue letter; the letter stated that Johnson could continue pursuit of his Title VII claims by filing a private lawsuit but that such a lawsuit must be filed within 90 days of receipt of the right-to-sue letter. (Rich Aff. Ex. 4.) The right-to-sue letter was signed by the EEOC Director, and indicated that the "Date Mailed" was April 12, 2004. (*Id.*) All notice regarding the NYDHR and EEOC actions discussed above, including the right-to-sue letter, were mailed to the address for Johnson listed on the NYDHR Complaint: 466 Lincoln Street in Brooklyn, New York. (*See* Rich Aff. Exs. 1-3.)

Over eight months after the right-to-sue letter was mailed, on December 21, 2004, Johnson filed a complaint in this Court, alleging that defendants harassed and, ultimately, terminated him because of his race and national origin. (Compl. ¶¶ 10-11.) The most recent act of misconduct by defendants is alleged to have occurred on March 31, 2003, the date of Johnson's termination.

According to the complaint filed in this action, Johnson has "always lived" at 466 Lynwood Street, Brooklyn, New York, and *not*, as listed in the NYDHR Complaint, at 466 Lincoln Street, in Brooklyn, New York. (Johnson Aff. ¶ 1.) Plaintiff contends that he gave the correct address to the NYDHR investigator but "did not read [the NYDHR Complaint] very carefully, and [] just signed it." (Johnson Aff. ¶ 1.)

On January 1, 2007, defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Oral argument was held on defendants' motion on February 23, 2007. Following argument, the parties submitted additional letter briefs to the Court.

## II. DISCUSSION

### A. Summary Judgment Standard

The standards for summary judgment are well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

B. Timeliness of Plaintiff's Claims

1. Title VII Discrimination Claim

Initially, the Court notes that the facts related to the timeliness issue are undisputed. That is, it is undisputed that Johnson commenced this action on December 21, 2004, *i.e.*, over eight months *after* the date that the right-to-sue letter was mailed. Moreover, it is undisputed that plaintiff did not receive the right-to-sue letter because the NYDHR investigator incorrectly recorded plaintiff's address on the NYDHR Complaint, and plaintiff failed to identify and to correct the error when he reviewed and signed the NYDHR Complaint.[1] As a result, plaintiff was unaware of the right-to-sue letter, or any other action taken by the NYDHR or the EEOC, until his attorney contacted the EEOC.

Defendants argue that Johnson's discrimination claim under Title VII must be dismissed because it is untimely. "In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 126-27 (2d Cir. 2006). However, the 90-day rule is treated as a "limitations periods subject to equitable tolling." *Johnson v. Al Tech Specialties Stell Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). Thus, the 90-day rule may be equitably tolled in "rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks omitted), in which a party is "prevented in some extraordinary way

_____

[1] The EEOC also sent all correspondence directed to plaintiff to the incorrect address entered on the NYDHR Complaint.

from exercising his rights," *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996) (internal quotation marks and alteration omitted). *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003); *see also Smith v. Chase Manhattan Bank*, No. 97 Civ. 4507 (LMM), 1998 WL 642930, at *4 (S.D.N.Y. Sept. 18, 1998).

"When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period [he] seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.'" *Zerilli-Edelglass*, 333 F.3d at 80-81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir.2002)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184-85 (2d Cir. 2000); *see also Smith*, 1998 WL 642930, at *3 ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted."). In this case, for the reasons set forth below, the Court finds that plaintiff has acted with reasonable diligence during the time period he seeks to have tolled and has demonstrated that the circumstances of the instant case are indeed "extraordinary."

First, plaintiff acted with reasonable diligence during the time period he seeks to

have tolled – specifically, the period between the mailing of the right-to-sue letter and the date on which he learned that the right-to-sue letter had issued. Only four months after the right-to-sue letter was mailed, plaintiff, who had yet to receive a right-to-sue letter or any other correspondence regarding his administrative complaint, sought the assistance of counsel to press his claims in this forum. Thus, the Court finds that plaintiff exercised reasonable diligence where, even though he had not received a right-to-sue letter indicating that his discrimination claims could be raised in federal court, plaintiff sought legal assistance and proceeded to press his claims in this Court. *Cf. Pressley v. Northeastern Conf. of Seventh-Day Adventists*, 2006 WL 2482435, at *4 (E.D.N.Y. Aug. 25, 2006) (finding that, even if Title VII time limit had began to run when plaintiff learned of the time limit, plaintiff's lack of diligence in asserting claims precluded application of equitable tolling doctrine).

Second, the instant circumstances merit the application of the doctrine of equitable tolling. This case does not fall within one of the paradigmatic situations found to constitute an "extraordinary" circumstance – that is, where an individual reasonably relies on erroneous information given to him by an administrative agency regarding a Title VII time limit. *See, e.g., Carlyle Towers Condo., Ass'n, Inc. v. FDIC*, 170 F.3d 301, 310 (2d Cir. 1999); *Johnson*, 731 F.3d at 146-47. However, this case does bear a close resemblance to those cases where an individual notifies the agency that his address has changed but, due to the agency's failure to properly record the change, a right-to-sue letter is sent to the individual's previous address. *See Smith*, 1998 WL 642930, at *4. Similarly, in this case, plaintiff provided his correct address to the NYDHR but, due to the

NYDHR's failure to properly record the address, the right-to-sue letter was sent to somewhere other than plaintiff's residence.

Defendants argue that the 90-day rule should not be tolled in this case because "plaintiff could have assured a correct address of record by reading his initial administrative complaint carefully." (Dfts.' Reply Mem. at 5.) However, although plaintiff failed to identify and to correct the error before signing the NYDHR Complaint, this fact does not alter the Court's conclusion that equitable tolling should apply. Instead, this Court declines to overlook the fact that, if it were not for the NYDHR's transcription error, plaintiff would have received notice of the 90-day rule.[2] Thus, the Court concludes that plaintiff should not be prevented from having his day in court simply because he failed to recognize the NYDHR's address error and, thus, the doctrine of equitable tolling should apply in this extraordinary situation. Given the circumstances of the instant case, if this Court were to engage in the rigid and unforgiving application of the 90-day rule sought by defendants, it would defeat "the 'remedial purpose of the [civil rights] legislation as a whole'" because the allegedly aggrieved plaintiff would be "absolutely barred from pursuing judicial remedies by reason of [his] excusable failure to meet the time requirement." *Johnson*, 731 F.2d at 146. *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)); *see also Connell v. J.P. Morgan Inv. Mgmt., Inc.*, No. 93 Civ. 5940 (JSM), 1994 WL 132148, at *3 (S.D.N.Y. April 12, 1994) (noting that "a technical reading of the filing provisions of

---

[2]As discussed *supra*, plaintiff asserts that he "did not read [the NYDHR Complaint] very carefully, and I just signed it. Everything was hurriedly done at that time." (Johnson Aff. ¶ 1.)

Title VII is 'particularly inappropriate in a statutory scheme in which laymen, unassisted by lawyers, initiate the process'") (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972)).

Furthermore, the Court notes that the circumstances of the instant case drastically depart from those found in the majority of cases where courts have declined to apply the doctrine of equitable tolling. That is, plaintiff did not receive a right-to-sue letter and proceed to sit on his rights, *see Molnar v. Legal Sea Foods, Inc.*, No. 06 Civ. 476 (SCR), 2007 U.S. Dist. LEXIS 17643, at *8 (S.D.N.Y. Jan. 18, 2007), fail to inform the EEOC that he changed his address, *see St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984),[3] or assert that he misunderstood the information contained in a right-to-sue letter that he had actually received, *see Smith v. Henderson*, 137 F. Supp. 2d 313, 319 (S.D.N.Y. 2001). Instead, as discussed *supra*, plaintiff was prevented from receiving the right-to-sue letter, and, therefore, adequate notice of the 90-day rule, by the clerical error of a third-party. Thus, the Court finds that this case presents such exceptional circumstances that the 90-day

time limit should be equitably tolled for the period from the issuance of the right-to-sue letter to the date on which plaintiff learned that a right-to-sue letter had issued.[4] Accordingly, defendants' motion is denied as to plaintiff's Title VII claims.

## 2. IIED Claim

Under New York law, the statute of limitations for an IIED claim is one year. N.Y. Civ. Prac. L. & R. § 215; *see, e.g., Greene v. Trs. of Columbia Univ.*, 234 F. Supp. 2d 368, 382 (S.D.N.Y. 2002); *Le Prevost v. New York*, No. 03 Civ. 2544 (CBM), 2004 WL 32860, at *6 (Jan. 6, 2004). To present a valid IIED claim, plaintiff must allege a wrongful act that occurred within the limitations period. *See, e.g., Russo-Lubrano v. Brooklyn Federal Sav. Bank*, No 06 Civ. 0672 (CPS), 2007 WL 121431, at *6 (E.D.N.Y. Jan. 12, 2007) (emphasis in original); *Smith v. Soros*, No. 02 Civ. 4229 (JGK), 2003 WL 22097990, at *8 (S.D.N.Y. Sept. 5, 2003); *Bonner v. Guccione*, 916 F.Supp. 271, 277 (S.D.N.Y. 1996). In this case, all alleged misconduct by defendants occurred on or before March 31, 2003. Thus, because plaintiff filed the complaint in this case more than one year later, on December 21, 2004, the Court dismisses plaintiff's untimely IIED claim.[5]

---

[3] Defendants argue that this case is analogous to *Alverno College*, wherein the plaintiff failed to notify the EEOC of a change in his address and, thus, the court declined to toll the Title VII time limit. The Court disagrees. The plaintiff in *Alverno College* failed to relay information to the EEOC which was in the sole control of the plaintiff – namely, the plaintiff's current address. *Alverno College*, 744 F.2d at 1317 ("[P]laintiff's failure to tell the EEOC that he had moved was not an event beyond his control."). By contrast, in this case, it is undisputed that plaintiff actually relayed his current address to the NYDHR, but the NYDHR failed to accurately record that information.

[4] At oral argument, defendants conceded that, once plaintiff contacted his attorney and learned that a right-to-sue letter had been issued, plaintiff filed his complaint within ninety days thereafter.

[5] Plaintiff has failed to argue that the statute of limitations for his IIED claim should have been tolled during the pendency of his administrative complaint. Nevertheless, even if plaintiff were to make such an argument, the Court notes that the weight of authority in the Second Circuit "has held that state common law claims are not tolled

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is denied as to plaintiff's Title VII claim. Defendants' motion is granted as to plaintiff's IIED claim and that claim is dismissed. The parties shall proceed with discovery forthwith, in accordance with the individual rules of Magistrate Judge Stephen M. Gold.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 20, 2007
Central Islip, NY

_____

during the pendency of an . . . EEOC claim." *Russo-Lubrano*, 2007 WL 121431 at *6 (quoting *Smalls v. Allstate Ins. Co.*, 396 F.Supp.2d 364, 375 (S.D.N.Y.2005)) (declining to toll statute of limitations for plaintiff's IIED claim); *see Duran v. Jamaica Hosp.*, 216 F. Supp. 2d 63, 68 (E.D.N.Y. 2002) (noting divergent authority on this issue in the Second Circuit and finding that "[t]he weight of authority, however, has held that state common law claims are not tolled during the pendency of an NYSDHR or EEOC claim"). Accordingly, because "a timely state law complaint could have been filed at the same time as the Title VII claim without the prerequisite that it go before an administrative body," the Court declines to toll the statute of limitations for plaintiff's IIED claim. *Id.* at *6; *see also Duran*, 216 F. Supp. 2d at 68 ("[T]he remedies [p]laintiff seeks pursuant to her state and Title VII claims are distinctive. In intentional tort claims, the plaintiff seeks to be free from injury caused by another person, whereas in the discrimination claims, plaintiff is pursuing freedom from discrimination in the workplace.") (internal quotations and citation omitted).

* * *

The attorney for plaintiff is Andrew James Schatkin, Esq., 350 Jericho Turnpike, Jericho, New York 11753. The attorney for defendants is Ivan H. Rich, Esq., 4500 Bowling Boulevard, Suite 100, Louisville, Kentucky 40207.